EPIFANIO FERNÁNDEZ VANGA, Petitioner and Appellee, *v.* MANUEL PAVÍA FERNÁNDEZ, ACTING MAYOR OF SAN JUAN, Respondent and Appellant.

No. 5211.   Argued February 3, 1931.—Decided July 28, 1931.

Guerra-Mondragón & Soldevila for appellant. *J. Martínez Dávila, J. de Guzmán Benítez, Francis H. Dexter,* and *A. González Lamas* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

This is a certiorari proceeding brought by Epifanio Fernández Vanga against Manuel Pavía Fernández, as Acting Mayor of San Juan.

The petition alleges, in short, that the petitioner was appointed School Director of the Municipality of San Juan by the Mayor, Roberto H. Todd, on January 14, 1929, the municipal assembly approving on the same day his appointment, which was for a term of four years.

That on September 3, 1929, and owing to political differences which arose within the Party "Alianza Puertorriqueña," the petitioner submitted to Mayor Todd the exclusively personal question of confidence and tendered his resignation of the office.

That on the same day Mayor Todd answered the petitioner that he did not consider as sufficient the reasons advanced for the acceptance of his resignation and refused in fact and in law to accept the same, and thus the question of

confidence as submitted had been settled in fact and in law; that accordingly the petitioner treated his resignation as withdrawn and continued discharging the duties of his office.

That on September 10, 1929, Mayor Todd left for the United States and, in his absence, respondent Manuel Pavía Fernández, Director of Charities, became acting mayor.

That the respondent, without having in his possession any resignation from the petitioner, and exceeding his powers, sent to the petitioner a communication dated October 5, 1929, stating that he accepted petitioner's resignation of his office as School Director and threatening to appoint another person to the said office.

That, in accordance with section 29 of the Municipal Law in force, the petitioner is entitled to protection against dismissal unless charges are brought against him and he is given an opportunity to defend himself, and that the action of the acting mayor amounts to a dismissal without just cause.

The writ was issued. The respondent filed a motion to quash, which was denied, and an answer in which he alleged, in short, that Mayor Todd had confined himself to an acknowledgment of the receipt of the resignation of the petitioner, without passing upon the same as long as stronger reasons did not arise compelling him to do so; that at the time respondent accepted petitioner's resignation, the same had not been withdrawn; and that in taking this action respondent did so in his capacity as mayor *pro tem.*, who succeeds to all the rights and duties of the regular mayor.

There were attached to the answer the letter from the petitioner to Mayor Todd, that from Mayor Todd to the petitioner, and that from the respondent to the petitioner.

The following is a literal transcription of said letters, which constitute the entire evidence to be considered in this case:

"September 3, 1929.—Hon. R. H. Todd, Mayor, San Juan.—Sir: —As the office which I fill in this Municipal Government is a po-

litical office, and as I owe the same mainly to your designation, I do not desire to continue in it a single moment, if political differences might embarrass you were I to continue filling it. Foreseeing that this might happen, owing to the political unrest now prevailing in our country, I place in your hands my resignation of such office to take effect immediately at any time that you should deem it advisable to accept it.

"In the alignment now taking place in the field of politics, I am and wish to remain within the Alianza Puertorriqueña, which held a special convention in Mayagüez on the 31st of last August and succeeding days.

"I wish to express to you my personal appreciation of the courtesies and consideration extended to me by you and of the initial honor which you conferred upon me by appointing me to this office in January, 1929.—Very respectfully, (Signed) E. Fernández Vanga, School Director.

"September 3, 1929.—Hon. Epifanio Fernández Vanga, School Director of San Juan, P. R.—My honored friend:—I acknowledge receipt of your letter of even date in which you tender to me your resignation from the office of School Director of San Juan, to take effect immediately that, in view of the existing political situation, I should deem it advisable to accept it.

"In view of the statements I have made with reference to said existing political situation, I do not consider the reasons set forth in your letter to be sufficient for my accepting such resignation, so long as no stronger reasons exist which would compel me to do so. Therefore, I confine myself to acknowledging the receipt of your communication, without taking any action as to the motive therefor.

"I avail myself of this opportunity to say that I reciprocate your assurances of friendship and that no matter the circumstances under which we might be placed in this political turmoil, whether close or distant, I shall aways have the highest regard for your qualities as a gentleman and as a friend and shall always find it a pleasure to cultivate your sincere friendship.—I beg to remain, your sincere and affectionate friend, (Signed) R. H. Todd, Mayor of San Juan.

"October 5, 1929.—Mr. Epifanio Fernández Vanga, School Director of San Juan, San Juan, P. R.—Sir: On the eve of his departure for the United States, Hon. Roberto H. Todd, regular Mayor of this Municipality, committed to my administrative discretion, as his successor in the office of mayor, the power to dispose finally, among others, of the question raised by you in your letter of September 3

of the current year in regard to the direction of the School Department presided by you.

"In answer to your aforesaid letter Mr. Todd said:

" 'In view of the statements I have made with reference to said existing political situation, I do not consider the reasons set forth in your letter to be sufficient for my accepting such resignation, so long as no stronger reasons exist which would compel me to do so. Therefore, I confine myself to acknowledging the receipt of your communication, without taking any action as to the motive therefor.'

"The Hon. Municipal Assembly, at a meeting held last night, the 3rd of the instant October, adopted the following resolution:

" 'This Assembly, being advised of the resignation tendered on September 3 of the current year by the School Director of this Municipality, Hon. Epifanio Fernández Vanga, to the titular Mayor of San Juan, resolves that the Mayor of the Municipality must accept said resignation owing to the existence of an open and manifest incompatibility between the said School Director and the best interests of this local Administration.'

"The success of any Government, of any administration, must necessarily and imperatively rest on the cooperation and harmony existing between the different branches of that Government. The Municipal Legislative Department of San Juan has declared in its resolution that there is no such harmony between the School Director and the rest of the local administration, which precludes all constructive work in furtherance of the public interests that have been entrusted to us. Your letter to Mr. Todd, written with a clear mind, only made manifest a situation which had already arisen, in some respects, but which now has become so acute that I regard it as a powerful reason compelling me to accept your resignation, which my predecessor, Mr. Todd, left unacted upon.

"There is no need to tell you how deeply I regret to deprive myself of your personal services as School Director of San Juan, and with the assurance of my highest consideration, I beg to remain, Very truly yours, (Signed) M. Pavía Fernández, Acting Mayor."

The following is from the statement of the case:

"Judge.—Evidence *aliunde* has been mentioned in this court, but it has not been introduced by anybody. The court wishes to know whether the case is to be finally submitted on the return.

"Attorney Guzmán Benítez.—We submit everything.

"Judge.—Then the hearing of the present case is closed."

After considering the pleadings and the return, the court rendered a judgment declaring void and ineffective the action of the respondent as Acting Mayor in connection with the resignation of the petitioner from the office of School Director.

Thereupon the respondent took an appeal to this Supreme Court. Extensive briefs have been filed, and the case was fully argued by counsel at the hearing.

The decision of the present case, as the same was submitted by the petitioner in the certiorari proceeding, depends on the import of the three letters above transcribed.

A reading of the first letter shows the exquisite correctness with which petitioner acted. He stated that the office as School Director which he was filling was a political office which he owed, in the first place, to the designation made by Todd, and that he did not desire to continue in that office for a single moment if the political differences that had arisen should create any difficulty for the mayor. Foreseeing that this might happen, he placed in the mayor's hands his resignation of his office "to take effect immediately at any time that he might deem it advisable to accept it." He clearly brought out the fact that he continued as a member of the "Alianza Puertorriqueña."

There is no doubt whatever that the letter shows firm personal relationship, notwithstanding the political differences that had arisen, and full confidence in the person to whom it was written; but there is no doubt, either, that it was addressed officially to the Mayor, the officer, and not to the personal friend.

What was the answer? It also reveals close personal relations, and a high regard and consideration for the addressee, both as an officer and as a man; but it was likewise addressed to an officer and signed by an officer. It is an official document in every respect. It expresses that after certain statement made by the writer, in connection with the political situation referred to by School Director, Fernández Vanga, the former deemed insufficient the latter's reasons

for an acceptance of his resignation. If this were all, there would be no issue; but the letter goes on to say: "so long as no stronger reasons exist which would compel me to do so."

What follows is not clear, to wit: "Therefore, I confine myself to acknowledging the receipt of your communication, without taking any action as to the motive therefor." The clause "without taking any action as to the motive therefor" is obscure, perhaps conflicting with previous statements, because the only conclusion that seems to have been reached by Mayor Todd is that the reasons advanced by Fernández Vanga, School Director, to justify his attitude were not sufficient. But the words "I confine myself to acknowledging the receipt of your resignation," coupled with the statement in the preceding paragraph, to wit: "so long as no stronger reasons exist . . . ," admit the interpretation that the resignation was left pending.

In the third letter, Acting Mayor Pavía specifically states that the regular mayor, Todd, had committed to his administrative discretion, as his successor in the office of Mayor, the power to dispose finally of the question raised by the resignation of the school director.

This assertion has not been contradicted. We must assume that it is entirely true. We have transcribed the closing observation made by the district judge himself, as it coincides with our own natural impression after reading the evidence, to wit: Is there not any more of it? For it would really have been easy to bring into the record of the case the personal statement of the regular mayor, Todd.

In the circumstances, it must necessarily be concluded that, although the facts occurred in such a manner as to explain the attitude and even the conviction on the part of School Director Fernández Vanga that the matter had been closed, this had not actually happened, and Mayor Todd thought it advisable, in his own judgment, to leave the acceptance or non-acceptance of the resignation to the discre-

tion of his successor, who exercised such discretion by accepting said resignation.

The appellee has failed to cite us to any rule of law or jurisprudence showing that Mayor Todd could not have acted in the manner stated in the letter from the acting mayor. School Director Fernández Vanga placed in his hands his resignation, to take effect as soon as he deemed it advisable to accept it. He committed himself unreservedly to the mayor, and must now bear the consequences of his own acts.

We have gone into the merits of the case such as they appear from the record, but even that was unnecessary, since, as stated by us in *Coll* v. *Todd,* 35 P.R.R. 572, and again in *Rivera* v. *Municipal Assembly,* 39 P.R.R. 71, the removal of an officer, even without just cause, does not come within the provisions of the Municipal Law authorizing the use of the writ of certiorari.

By reason of all the foregoing, the appeal taken must be sustained and, consequently, the judgment appealed from must be dismissed and another rendered denying the petition, without special imposition of costs.